IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BANK OF AMERICA,

    Plaintiff,                          CIV. NO. S-09-2865 MCE GGH

    vs.

NIKOLAY YAKIMENKO, et al.,

                                     FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

        Plaintiff's motion for default judgment against defendants Nikolay Yakimenko, Janeta Aslanyan, and Morgan Creek Community Association ("Morgan Creek"), filed April 18, 2011, (dkt. # 20), was submitted after hearing on June 9, 2011.  Brian Gunn appeared for Bank of America ("B of A").  Lisa Cummins appeared telephonically for defendant GMAC Mortgage, LLC ("GMAC").  After hearing oral argument and upon review of the motion and the supporting documents, the court issues the following findings and recommendations.

<u>BACKGROUND</u>

        Plaintiff  B of A is the successor in interest as payee on two loans and deeds of trust, and has sued defendants: homeowners Nikolay Yakimenko and Janeta Aslanyan, First American Title Insurance Co. ("FATI"), and GMAC for quiet title and cancellation of instruments.  Defendant United States, as doe defendant number 1, removed the action from state

1

1  court on October 14, 2009.

2        According to the first amended complaint, defendant Yakimenko obtained two
3  loans on a residential property from First Franklin Financial Corporation[1] on June 11, 2007.  B of
4  A, which evidently later obtained its successor interest sometime thereafter, alleges that on
5  September 4, 2008, two deeds of reconveyance were wrongly created, executed, delivered and
6  recorded by Michael Simonson who was not an employee or agent of B of A or Financial Title,
7  but that he forged signatures on the reconveyances.  According to B of A, these reconveyances
8  were wrongful because Yakimenko had not fully paid off the loans and the reconveyances were
9  unauthorized.  B of A also alleges that Financial Title[2] was not the true trustee under the Deeds
10 of Trust.  The amended complaint further alleges that defendant Aslanyan claims an ownership
11 interest in the property by virtue of a grant deed dated September 8, 2008 and recorded on
12 September 9, 2008.  It additionally alleges that GMAC claims an interest in the property based on
13 a deed of trust dated October 31, 2008, and recorded November 13, 2008.  Also alleged but
14 disputed by GMAC is that GMAC's deed of trust was reconveyed on December 23, 2008, and
15 therefore GMAC no longer has an interest in the property.

16       On April 21, 2009, the United States recorded a notice of federal tax lien on the
17 property for federal taxes owed by Janeta Aslanyan in the amount of $141,172.37.  An
18 assessment lien against the property was recorded on June 25, 2009 by Morgan Creek in the
19 amount of $2,575 in home owner's association dues.  FATI is the successor in interest of
20 Financial Title Company which is no longer in existence, and FATI became the de facto
21 successor in interest (trustee) of all escrow and trustee operations on the Deeds of Trust.

22       According to declaration, the first amended complaint was served on defendants
23 Yakimenko and Aslanyan by substituted service on September 16, 2009.  Fed. R. Civ. P. 4(e)(2).

---

[1] The government refers to First Franklin Financial Corporation in the notice of removal, but this entity is not a defendant.

[2] Financial Title was the predecessor to FATI, its successor in interest.

(Dostalova Decl. ¶¶ 7, 8.) (Dkt. # 20.) Defendant Morgan Creek was served with the amended complaint on September 15, 2009. (Id., ¶ 9.) Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendants Yakimenko, Aslanyan, and Morgan Creek have failed to file an answer or otherwise appear in this action. On December 18, 2009, the clerk entered default against defendants Yakimenko, Aslanyan, and Morgan Creek.

B of A seeks default judgment against defendants Yakimenko, Aslanyan, and Morgan Creek. Default judgment, however, is not sought against FATI, against whom default was entered on December 18, 2009. GMAC and the United States have filed answers. Although defaulting defendants have filed no opposition to the motion for default judgment, defendant GMAC has filed an opposition.

The application for default judgment seeks a declaratory judgment that deeds of trust dated June 11, 2007, are valid and senior to any interest held by any defendant, especially the defaulted defendants, and that the deeds of reconveyance and gift deed, executed September 4, 2008, are void and without effect. In the alternative, B of A seeks damages of $1,114,779.20 against Yakimenko only, as well as punitive damages, prejudgment interest, and attorneys' fees and costs, against this defendant only.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

The court is cognizant of the fact that normally a final decree on the merits of an action may not be made against one of several defendants against whom a joint charge is pending. Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872) (involving a single

////

alleged joint fraud and resulting in inconsistent adjudications as to liability)[3]; see also Pfanstiel Architects v. Choutreau Pet., 978 F.2d 430, 433 (8th Cir. 1992); In re Uranium Antitrust Litigation, 617 F.2d 1248, 1256-58 (7th Cir. 1980) (holding that Frow does not apply to defendants alleged to be jointly and severally liable, although the damages hearing should be postponed until trial because claims were based on a single injury (a single price-fixing scheme); accord, Dundee Cement Co. v. Howard Pipe and Concrete Products Inc., 722 F.2d 1319, 1324 (7th Cir. 1983)); Gulf Coast Fans v. Midwest Elec. Importers, 740 F.2d 1499, 1512 (11th Cir. 1984) (default judgment should not be entered against "similarly situated" defendants whose alleged liability, along with that of the remaining defendants, rests on a single contract); International Controls Corp. v. Vesco, 535 F.2d 742, 746-47 & n. 4 (2d Cir.1976) (Frow controls "in situations where the liability of one defendant necessarily depends upon the liability of the other.").

In re Uranium Antitrust Litigation acknowledged that Frow does not preclude entry of default judgment against some defendants where other defendants remain in the litigation, even where liability is joint and several.[4] 617 F.2d at 1258. Nevertheless, there is still the possibility of inconsistent determinations as to damages, as well as the lack of judicial economy, in that "there could be two distinct damages awards on a single claim involving joint and several liability." Id. at 1262. If plaintiff later prevails against the answering defendant, the damage award could be different; however, the joint nature of the claim precludes different findings as to damages against all defendants. Id. Furthermore, where defendants are jointly liable for the entire award, plaintiff could look to any one defendant for full satisfaction of the

---

[3] Frow alleged a conspiracy by several defendants to defraud one plaintiff of title to real property. Default judgment was entered against one defendant, although the others prevailed on the merits. The Court found this result "unseemly and absurd, as well as unauthorized by law." 82 U.S. at 554.

[4] The Carmack Amendment permits imposition of joint and several liability. Jessica Howard Ltd. v. Norfolk Southern Railway Co., 316 F.3d 165, 169 (2nd Cir. 2003).

damage award.  Id.

In this case, GMAC opposes the application for default judgment because it seeks adjudication of certain matters that affect the remaining defendants.  Specifically, GMAC objects to a proposed ruling that B of A's deeds of trust are valid and senior "to any interest held by any defendant."  GMAC disputes B of A's contention that GMAC no longer has an interest in the property, arguing that such information must be determined through discovery and litigation.  Consequently, B of A's attempts to quiet title may adversely affect GMAC's interests.  GMAC's position is that it has a right to rely on recorded title documents, and that it was not aware of plaintiff's lien at any time prior to the recordation of GMAC's deed of trust.  GMAC raises the further issue of Aslanyan's relationship to Yakimenko and whether she is obligated to pay any part of a money judgment against Yakimenko.

These issues raised by GMAC indicate that default judgment against only three defaulting defendants, leaving a fourth defaulting defendant and two defendants who have appeared in the action and may have adverse interests, is premature at the present time.  The full extent of the remaining parties' interests are currently unknown, as are the facts, and the effects of these unknown facts on parties not in default.

The court has discretion to decide whether to enter a judgment by default.  10A Wright, Miller & Kane, Federal Practice & Procedure, § 2685 (1998).  In the instant case, no reason appears to justify the entry of default judgment at this time against multiple defendants with the possibility that entry of such would result in inconsistent liability adjudications.

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that plaintiff's application for entry of default judgment be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may

1  file written objections with the court and serve a copy on all parties.  Such a document should be
2  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
3  objections shall be served and filed within fourteen (14) days after service of the objections.  The
4  parties are advised that failure to file objections within the specified time may waive the right to
5  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/BankofAmerica2865.def.wpd