Kathryn Keneally
Assistant Attorney General

ANDY R. CAMACHO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:    (202) 307-1481
Facsimile:    (202) 307-0054
andy.r.camacho@usdoj.gov

Benjamin B. Wagner
United States Attorney
Eastern District of California
*Of Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., as successor by merger to LaSalle Bank National Association, as trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-H-1 and as trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-A Mortgage Loan Asset-Backed Certificates.<br><br>Plaintiff,<br><br>v.<br><br>NIKOLAY YAKIMENKO, an individual; JANETA ASLANYAN, an individual; FIRST AMERICAN TITLE INSURANCE CO., a California corporation; GMAC MORTGAGE, LLC, a Delaware corporation; and DOES 1 through 200, inclusive,<br><br>Defendants. | Civil No. 2:09-cv-02865-MCE-GGH<br><br>STIPULATION REGARDING PRIORITY BETWEEN THE UNITED STATES, U.S. Bank N.A. as successor trustee, and GMAC MORTGAGE, LLC |

1055703.2

1

Plaintiff, U.S. Bank N.A., as successor trustee for BANK OF AMERICA, N.A., as successor by merger to LaSalle Bank National Association, as trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-H-1 and as trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-A Mortgage Loan Asset-Backed Certificates ("Plaintiff"), defendant GMAC MORTGAGE, LLC ("GMAC") and defendant United States hereby stipulate and agree as follows:

1. This stipulation concerns the real property commonly known as 9195 Pinehurst Drive, City of Roseville, County of Placer, State of California (hereinafter "Subject Property") and is legally described as follows:

> "Lot 78, as shown on the Map entitled, "Tract #881 Morgan Creek Village B", filed for record September 20, 2002, in Book Y" of Maps, Page 36 as amended by the certain "Certificate of Correction", recorded January 2, 2003 as Document No. 2003-0000189 and recorded October 8, 2003 as Document No. 2003-0173761, Official Records.
>
> EXCEPTING THEREFROM any and all oil, gas and other hydrocarbon and all other minerals of whatever kind or character which are upon, in, under or may be produced from the property; provided however, that unless the consent of the surface owner is further obtained, Grantor, its successors and assigns, shall not enter the surface or in or through the upper 500 feet of the subsurface in the exercise of such mineral rights, as reserved in the certain Grant Deed recorded October 25, 2002 as Document No. 2002-131573, Official Records.
>
> TOGETHER WITH a non-exclusive easement for ingress and egress over and across a portion of Area 1, as shown on that certain Record of Survey filed January 15, 2002, in Book 17 of Surveys as Document No. 2002-0105450, and re-recorded September 19, 2002 as Document No. 2002-0111446, Official Records."

2. On or about June 29, 2007, the Plaintiff's predecessor in interest, First Franklin Financial Corporation, recorded two Deeds of Trust, dated June 11, 2007, encumbering the Subject Property in the Official Records of the County of Placer as Instrument Numbers 2007-0065335-00 and 2007-0065336-00. The loans secured by the Deeds of Trust were obtained by

1055703.2

defendant Nikolay Yakimenko, on or about June 11, 2007 from First Franklin Financial Corporation, in the principal amounts of $940,000.00 and $176,250.00, respectively. Plaintiff currently holds the beneficial interest under the loans secured by the aforementioned Deeds of Trust.

3. On or about November 13, 2008, defendant GMAC recorded a Deed of Trust, dated October 31, 2008, encumbering the Subject Property in the Official Records of the County of Placer as Instrument Number 2008-0088936-00. The loan secured by the Deed of Trust was obtained by defendant Janeta Aslanyan, on or about October 31, 2008 from GMAC Mortgage, LLC, in the principal amount of $417,000.00. Defendant GMAC currently holds the beneficial interest under the loan secured by the aforementioned Deed of Trust.

4. On or about April 21, 2009, a delegate of the Secretary of the Treasury recorded in the Official Records of the County of Placer, as Instrument Number 2009-0032394-00, a Notice of Federal Tax Lien with respect to the assessments made against defendant Janeta Aslanyan for the tax years 2006 and 2007, which attach to all property and rights to property of defendant Janeta Aslanyan.

5. By way of federal tax lien, a notice of which was recorded in the Official Records of the County of Placer, the United States has an interest in the Subject Property to the extent that defendant Janeta Aslanyan has an interest in the Subject Property.

6. The interest created by the Deeds of Trust described in paragraph 2, above, by the Plaintiff on the Subject Property are senior to the United States' interest in the Subject Property.

1055703.2

7. The interest created by the Deed of Trust described in paragraph 3, above, by defendant GMAC on the Subject Property is senior to the United States' interest in the Subject Property.

8. This stipulation does not resolve the priority in the Subject Property between the Plaintiff and defendant GMAC.

9. The Plaintiff and defendant GMAC do not seek damages from the United States. The Plaintiff and defendant GMAC shall not seek costs and fees from the United States and the United States shall bear its own costs and fees.

10. This stipulation does not affect any rights the Plaintiff and defendant GMAC may have to foreclose the Deeds of Trust on the Subject Property.

11. Therefore, the Plaintiff's Deeds of Trust, set forth in paragraph 2 of this stipulation, and defendant GMAC's Deed of Trust, set forth in paragraph 3 of this stipulation, shall be completely satisfied before the United States' federal tax lien, set forth in paragraph 4 of this stipulation, including any Court order to foreclose on the Subject Property or otherwise orders the sale of the Subject Property.

12. In the event that the Plaintiff does foreclose on the Subject Property, this stipulation does not affect any rights the United States has under 26 U.S.C. § 7425.

13. Having resolved the United States' lien priority in relation to the Plaintiff and defendant GMAC, the United States shall not be required to continue to participate in this action.

WHEREFORE the Plaintiff, defendant GMAC and the United States respectfully request that this stipulation be approved and that the Court enter an Order approving the stipulation.

///

///

1055703.2

IT IS SO STIPULATED.

DATED:  May 9, 2012				WOLFE & WYMAN LLP


						By:  /s/Alice M. Dostalova-Busick
						     STUART B. WOLFE
						     ALICE M. DOSTALOVA-BUSICK
						Attorneys for Plaintiff
						U.S. Bank N.A. as successor trustee for BANK OF AMERICA, N.A., as successor by merger to La Salle Bank National Association, as trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-H-1 and as trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-A Mortgage Loan Asset-Backed Certificates


DATED:  May 9, 2012				CAMPBELL, WARBURTON, FITZSIMMONS, SMITH, MENDELL & PASTORE


						By:  /s/ Lisa Jeong Cummins
						        LISA JEONG CUMMINS
						Attorneys for Defendant
						GMAC MORTGAGE, LLC


DATED:  May 9, 2012				KATHRYN M. KENEALLY
						Assistant Attorney General

						/s/Andy R. Camacho
						ANDY R. CAMACHO
						Trial Attorney, Tax Division
						U.S. Department of Justice
						P.O. Box 683
						Ben Franklin Station
						Washington, D.C.  20044-0683
						Attorneys for United States of America

						BENJAMIN B. WAGNER
						United States Attorney
						Eastern District of California
						*Of Counsel*

5

1055703.2

## ORDER

The Court, having reviewed the foregoing stipulation, and good cause appearing therefore, IT IS HEREBY ORDERED:

(1) That the Plaintiff's Deeds of Trust, set forth in paragraph 2 of this Stipulation, and the defendant GMAC's Deed of Trust, set forth in paragraph 3 of this Stipulation, are senior to the interest of the United States on the Subject Property, and shall be completely satisfied before the United States' tax lien, set forth in paragraph 4 of this Stipulation, including any Court orders of foreclosure or sale of the Subject Property;

(2) The stipulation does not resolve the priority in the Subject Property between the Plaintiff and defendant GMAC.

(3) The stipulation does not affect any rights the Plaintiff and defendant GMAC may have to foreclose the Deeds of Trust on the Subject Property.

(4) In the event that the Plaintiff does foreclose on the Subject Property, the stipulation does not affect any rights the United States has under 26 U.S.C. § 7425;

(5) The Plaintiff and defendant GMAC shall not seek costs or fees from the United States and the United States shall bear its own costs and fees; and

(6) Having resolved the United States' lien priority in relation to the Plaintiff and defendant GMAC, the United States shall not be required to continue to participate in this action.

IT IS SO ORDERED.

Dated:  May 11, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

6

1055703.2