UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., as successor by merger to La Salle Bank National Association, as trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan AssetBacked Certificates, Series 2007-H -1 and as trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-A Mortgage Loan Asset-Backed Certificates,<br><br>Plaintiff,<br><br>v.<br><br>NIKOLAY YAKIMENKO, et al.,<br><br>Defendants. | No. 2:09-cv-02865-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

This is an action brought by Plaintiff Bank of America ("Plaintiff") against Defendants Nikolay Yakimenko ("Yakimenko"), Janeta Aslanyan ("Aslanyan"), Morgan Creek Association ("Morgan Creek"), First American Title Insurance Company ("FATI"), GMAC Mortgage, LLC ("GMAC"), and the United States of America ("United States"), in which Plaintiff alleges claims for quiet title, cancellation of instruments, and declaratory relief.  Default was entered by the Clerk of the Court against Yakimenko, Aslanyan and Morgan Creek (collectively the "Defaulting Defendants") on December 18, 2009.

///

Presently before the Court is Plaintiff's Application for Default Judgment (ECF No. 75) as to those parties.  For the reasons set forth below, Plaintiff's Motion is GRANTED.[1]

## BACKGROUND[2]

According to Plaintiff, it is the successor in interest as payee on two loans ("Loans"), whereby Yakimenko promised to repay Plaintiff the principal sum of $1,116,350, plus interest.  These Loans are secured by two Deeds of Trust connected to residential property purchased by Yakimenko located at 9195 Pinehurst Drive, City of Roseville, County of Placer, State of California (hereinafter "Property").  Plaintiff currently holds the beneficial interest under the Loans, and Yakimenko owes to Plaintiff the outstanding principal amount.  Financial Title Company ("FTC") was originally the duly appointed trustee on the Deeds of Trust, but after FTC ceased operations, FATI became the de facto successor in interest of all escrow and trustee operations.

Yakimenko has failed to pay off the Loans owed to Plaintiff.  However, on September 4, 2008, two Deeds of Reconveyance ("Full Reconveyances") were nonetheless purportedly forged and wrongly recorded by one Michael Simonson, who held himself out as an agent of Plaintiff.  The Full Reconveyances falsely indicated that "the obligations secured by the Deed of Trust ha[d] been fully satisfied."  Bao Decl., ECF No 75-1, Exs. 3-4.  In addition, Michael Simonson was not an employee, officer, agent or representative of Plaintiff and had no authority to execute those documents.  Finnegan Decl., ECF No. 21, 9-10.

Subsequently, on September 8, 2008, Yakimenko transferred the Property by grant deed to Aslanyan.  Aslanyan had actual or constructive notice of Plaintiff's interest in the Property and the fraudulent nature of the prior transfers.  On or about October 31,

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] Unless otherwise noted, the following facts are taken from Plaintiff's First Amended Complaint ("FAC"), ECF No. 1, Ex. A.

2

2008, Aslanyan obtained a $417,000 loan from GMAC, which was secured by a Deed of Trust on the Property as well.

Given the above transfers, multiple parties asserted competing interests in the Property. Morgan Creek claimed an interest for $2,575 in unpaid homeowner's association dues, and recorded an assessment lien on the Property. Bao Decl., ECF No. 75, ¶ 4. The United States recorded a notice of federal tax lien on the Property for federal taxes owed by Aslanyan in the amount of $141,172.37. Aslanyan claimed an ownership interest in the Property by virtue of the grant deed dated September 8, 2008. GMAC also asserted an interest in the Property based on a Deed of Trust encumbering the Property dated October 31, 2008.

On September 3, 2009, Plaintiff filed the instant action in Placer County Superior Court. The United States removed the case to this Court on October 14, 2009. As is relevant here, Yakimenko and Aslanyan were served with the First Amended Complaint ("FAC") and Summons by a process server via substituted service on September 16, 2009. Bao Decl. at ¶¶ 5-6. Both failed to respond or otherwise defend this action. Id.

Morgan Creek was personally served with the FAC and Summons on September 15, 2009. Id. at ¶ 7. Morgan Creek also failed to respond or otherwise appear or defend this action. Id.

Plaintiff requested an Entry of Default against Defaulting Defendants on December 17, 2009. Req. for Entry of Default J., ECF No. 7, 8, 9. The Clerk of the Court entered default against Defendants Morgan Creek, Aslanyan and Yakimenko on December 18, 2009, based on their failure to appear or otherwise defend the above-entitled action. Clerk's Entry of Default ("Default"), ECF No. 10.

On April 18, 2011, Plaintiffs filed their first Motion for Default Judgment. Mot. for Default J., ECF No. 20. The Court held that since default judgment was not sought against FATI, and because GMAC and the United States filed answers, an entry of default judgment could result in inconsistent liability adjudications. Order, ECF No. 39. The Court consequently denied the Plaintiff's Application without prejudice. Id.

On May 14, 2012, it was stipulated that Plaintiff's Deeds of Trust, as well as GMAC's Deed of Trust, were senior to the United States' interest in the Property. Stipulation & Order, ECF No. 52. Having resolved the lien priority, the United States was subsequently terminated from the action. Id. GMAC and FATI were each dismissed with prejudice on October 29, 2014. ECF No. 72. Accordingly, only the Defaulting Defendants remain.

## ANALYSIS

Both procedural and substantive requirements must be met before a default judgment may be entered. As to the procedural requirements, Federal Rule of Civil Procedure 55(b) permits entry of a default judgment only following the entry of a default by the clerk of the court. Kloepping v. Fireman's Fund, No. C94-2684TEH, 1996 WL 75314, at *2 (N.D. Cal.). Additionally, under Local Rule 55-1, motions for default judgment must set forth the following information: (1) when and against which party the default was entered; (2) the identification of the pleading to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, and whether notice is required. E.D. Cal. Local Rule 55-1.

Plaintiff has satisfied all of the procedural requirements for an entry of default judgment. Plaintiff provided proof in their Application for Default Judgment that: (1) default was entered against the Defaulting Defendants on December 18, 2009 (Default, ECF No. 10); (2) Defaulting Defendants collectively failed to respond to the Complaint (Bao Decl. at ¶ 5-7); (3) Defaulting Defendants are neither infants nor incompetent persons (Appl. for Default J. ("Default J."), ECF No. 75, at 3:13-23); (4) Defaulting Defendants are not otherwise exempt under the Soldiers' and Sailors' Civil

1  Relief Act of 1940 (Default J., at 3:24-28; 4:1-6); and (5) Defaulting Defendants are not
2  required to be provided notice under Fed. R. Civ. P 55(b), as none of the Defaulting
3  Defendants against whom this Default Judgment is sought has appeared or attempted to
4  appear in this action.  Fed. R. Civ. P. 55(b).

5       Substantively, Plaintiff has shown it is entitled to judgment as well.  A defendant's
6  default does not automatically entitle the plaintiff to a court-ordered judgment.  Draper v.
7  Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986).  The decision to grant or deny relief is
8  entirely within the court's discretion.  Id.  To aid in this determination, the Ninth Circuit
9  has enumerated the following factors which may be considered in exercising this
10 discretion: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
11 substantive claim and the sufficiency of the complaint; (3) the sum of money at stake in
12 the action; (4) the possibility of a dispute concerning material facts; (5) whether the
13 default was due to excusable neglect; and (6) the strong policy underlying the Federal
14 Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d
15 1470, 1471-72 (9th Cir. 1986).  Each of these factors favors Plaintiff.

16      More specifically, absent entry of judgment, Plaintiff will be prejudiced because it
17 will not be able to enforce its Deeds of Trust, nor will it have any additional recourse for
18 recovery.  See PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1177
19 (C.D. Cal. 2002) (holding that failure to grant default judgment would prejudice plaintiffs
20 by leaving them without other recourse for recovery).  In addition, because Plaintiff does
21 not seek monetary damages, there is no "sum of money" to evaluate.  Id.  At this stage,
22 there is also no likelihood that any genuine issue of material fact exists.  Elektra Entm't
23 Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005).  Moreover, nothing in the
24 record suggests that the Defaulting Defendants' failure to appear was due to excusable
25 neglect, and their failure to respond to the Complaint all but guarantees that a decision
26 on the merits is improbable, if not impossible.  PepsiCo, Inc., 238 F. Supp. 2d at 1177.
27 This leaves only the second factor for additional discussion.
28 ///

The second factor has the Court consider the substantive merits and the sufficiency of the Plaintiff's complaint. Eitel, 782 F.2d at 1471-72. This factor essentially requires a plaintiff to "state a claim on which the plaintiff may recover." Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, necessary facts not contained in the pleadings and legally insufficient claims are not established by default. Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Each of Plaintiff's claims is adequate here.

      A.    **Quiet Title Claim**

Under California law, a plaintiff may prevail on a quiet title claim only if the complaint is verified, and includes: (1) a description of the property, including both its legal description and its street address or common designation; (2) plaintiff's title and the basis upon which it is asserted; (3) the adverse claims as against which a determination is sought; (4) the date as of which a determination is sought; and (5) a prayer for determination of plaintiff's title against the adverse claims. Cal. Civ. Proc. Code § 761.020.

Based on the record before this Court, Plaintiff meets all of the requirements. The Complaint is verified (FAC, ECF No. 1-3, 12) and includes: (1) the common and legal description of the Property at issue (FAC at ¶ 2); (2) Plaintiff's interest in the Property, which was secured by two Deeds of Trust (FAC at ¶ 2); (3) the adverse claims, including the wrongful Full Reconveyances (FAC at ¶¶ 21-22, 26); (4) that Plaintiff seeks to quiet title as of September 4, 2008 (FAC at ¶ 28); and (5) that Plaintiff seeks to quiet title

///
///
///
///

1  against all other purported interests adverse to Plaintiffs (FAC at ¶¶ 27-29).[3]  Default
2  judgment on the quiet title issue is GRANTED.

### B. Cancellation of Instruments

The next claim asserted by the Plaintiff is for cancellation of the Full Reconveyances.  Under California law, a court may order cancellation of an invalid written instrument that is void or voidable.  Cal. Civ. Code § 3412.  To issue a valid reconveyance that extinguishes a lien, the issuing party must have issuing authority, and it must be proven that the subject loan has been paid off.  Compass Bank v. Petersen, 886 F. Supp. 2d 1186, 1195 (C.D. Cal. 2012) (holding defendants did not have the authority to issue the reconveyance, rendering the reconveyance void and canceled as of the date of recordation) citing Alliance Mortgage v. Rothwell, 10 Cal. 4th 1226, 1235 (1995).  A forged document that allegedly transfers title in a parcel of real property is void and ineffective.  Wutzke v. Bill Reid Painting Service, Inc, 151 Cal. App. 3d 36, 40-42 (1984).

California law defines forgery as "knowingly executing, with intent to defraud, any instrument purporting to convey real property, or any right or interest in real property, with full knowledge that the person executing the document has no right to or interest in that property."  Cal. Penal Code § 531a.  The forged document is void as a matter of law, even as to a bona fide purchaser.  Wutzke, 151 Cal. App. 3d at 40-42; Compass, 886 F. Supp. 2d at 1195 (holding the reconveyance at issue equivalent in legal status to a forged reconveyance).  Plaintiff has asserted that the Full Reconveyances at issue were forged and not executed by any agent of the Plaintiff.  FAC at ¶ 17.

---

[3] The Court is aware that, contrary to typical default procedures, Section 764.010 of the California Code of Civil Procedure requires the submission of evidence in support of the plaintiff's factual allegations.  Cal. Civ. Proc. § 764.010.  Under that section, a plaintiff must prove its case in evidentiary hearings with live witnesses and any other admissible evidence, and a court must hear such evidence as may be offered by any defaulting defendant.  Nickell v. Matlock, 206 Cal. App. 4th 934, 941-942 (2012); Harbour Vista, LLC v. HSBC Mortg. Services Inc., 201 Cal. App. 4th 1496, 1501-1504 (2011).  Under the circumstances here, however, where the Defaulting Defendants have been afforded every opportunity to appear and defend themselves in this action, but have failed to do so, the policies underlying California Code of Civil Procedure § 764.010 have nonetheless been satisfied.  Holding an additional hearing under these circumstances would be a waste of resources.

Since the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, Plaintiff has met its burden of proving that the Full Reconveyances are void, and Plaintiff's Application for Default Judgment on this issue is GRANTED as well.

### C. Declaratory Relief

Finally, Plaintiff requests declaratory relief as to the two relevant Deeds of Trust, requesting that they be held valid, enforceable, and senior to any property interest held by the Defaulting Defendants. FAC at ¶¶ 29-35. California Code of Civil Procedure section 1060 indicates that "in cases of actual controversy relating to the legal rights and duties of the respective parties, a party may bring an action for a declaration of his or her rights and duties in a premises, including a determination of any question of construction or validity arising under an instrument or contract." Cal. Civ. Proc. Code § 1060. Specifically, Plaintiff requests that the Court resolve the present dispute and controversy as to the priorities of interest in the property, and find that the Deeds of Trust are senior to any interest of the Defaulting Defendants. FAC at ¶¶ 29-35.

Plaintiff's request is supported by the holding in Wilson & Wilson v. City Council of Redwood City, 120 Cal. App. 4th 1559 (2011), in that a declaration of rights or duties with respect to property may be a proper subject of declaratory relief. Furthermore, in the analogous case of Compass Bank v. Petersen, 886 F. Supp. 2d 1186, 1196 (C.D. Cal. 2012), that plaintiff bank sought a declaration that the reconveyance at issue was void, and that the defendants' interest in the property, if any, was subordinate to the plaintiff's beneficial interest through the applicable deed of trust. The court found that the controversy at issue was justiciable under the Declaratory Judgment Act, that the plaintiff's claim for declaratory relief was warranted under California Civil Code §1060, and it granted the plaintiff's claim for declaratory judgment. Id. This Plaintiff is entitled to declaratory relief here as well.

///

///

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Default Judgment as to Defendants Nikolay Yakimenko, Janeta Aslanyan and Morgan Creek Association (ECF No. 75) is GRANTED.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  February 24, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT